## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KAREN MARIE KLINE,

        Plaintiff,

vs.                                   Civ. No. 01-1430 (MV/DJS)

WAYNE NICHOLS, NICHOLS AGENCY,
and ROBERT ROTHSTEIN,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss of Defendant Robert Rothstein, filed May 14, 2002 **[Doc. No. 6]**, and the Motion to Dismiss of Defendants Wayne Nichols and the Nichols Agency, filed May 16, 2002 **[Doc. No. 8]**.  The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Defendants' motions are well-taken and will be **GRANTED.**

### BACKGROUND

Plaintiff, who is *pro se*, commenced the instant action by filing her Complaint on December 21, 2001.  Thereafter, on July 12, 2002, Plaintiff filed a Complaint with Certain Errors Corrected ("Corrected Complaint").  On May 14, 2002, Defendant Rothstein filed his motion to dismiss ("Rothstein Motion"), and on May 16, 2002, Defendants Nichols and Nichols Agency ("Nichols Motion") filed their motion to dismiss.  The Rothstein Motion and the Nichols Motion both request dismissal of the instant action for lack of subject matter jurisdiction and base their request for relief upon the same legal arguments.

## DISCUSSION

Because Defendants challenge the sufficiency of the Complaint to satisfy subject matter jurisdiction, this Court must accept the allegations in the Complaint as true.  *See Ricks v. Nickels*, 295 F.3d 1124, 1127 (10th Cir.), *cert. denied*, 123 S. Ct. 630 (2002).   Moreover, because Plaintiff is *pro se*, this Court must construe liberally the allegations in her Complaint.  *Id.*  (citing *Haines v. Kerner*, 404 U.S 519, 520-21 (1972)).

In the Corrected Complaint, Plaintiff claims that Defendants failed to "pay Kline her exemption from levy."  Corrected Complaint at ¶6.  From the limited information set forth in the Corrected Complaint and in the parties' submissions, it appears that Plaintiff's wages were subject to levy and that the Internal Revenue Service ("IRS") made a levy upon her wages.  Under 28 U.S.C. §6332, any person in possession of property subject to levy upon which a levy has been made must surrender such property to the IRS.  It also appears that, acting in accordance with the mandate of §6332, Defendants surrendered Plaintiff's wages to the IRS.   Under 28 U.S.C. §6334, certain enumerated property is exempt from levy, including a minimum exemption for wages, salary and other income.  Plaintiff argues that Defendants surrendered not only that portion of her wages which was subject to levy, but also that portion of her wages which was exempt from levy under §6334.  Thus, Plaintiff contends, Defendants acted in violation of §6334.

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §2463.  Corrected Complaint at ¶5.  Section 2463 provides:

> All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.

All of the cases which this Court has reviewed addressing the issue, however, have held that § 2463 was not intended to confer jurisdiction on the federal district courts over property levied upon and seized under the Internal Revenue laws. *See Simanonok v. United States*, 66 F.3d 306 (1st Cir. 1995) (unpublished disposition); *Morris v. United States*, 303 F.2d 533, 535 (1st Cir.), *cert. denied*, 371 U.S. 827 (1962); *Mettenbrink v. United States*, 1991 WL 82837, at *4 (D. Neb. Apr. 8, 1991); *L.C. French v. United States*, 1972 WL 458, at *1 (N.D. Ga. Dec. 6, 1972); *Cooper Agency, Inc. v. McLeod*, 235 F. Supp. 276, 285-86 (E.D.S.C. 1964), *aff'd*, 348 F.2d 919 (4th Cir. 1965).

Moreover, the case cited by Plaintiff, *Bartell v. Riddell*, 202 F. Supp. 70 (S.D. Cal. 1962), is inapposite. *Bartell* was an action to determine title in certain shares of stock seized and sold by the government as between the purchaser at the first government sale of the property against the purchaser at a second sale and other defendants, and to prevent the government from conveying the property to the second purchaser. In the instant action, Plaintiff's claim is not against the government and is not to determine title to property seized by the government. Rather, Plaintiff's claim is against private party defendants for allegedly withholding from her that portion of her salary which was exempt from levy. Indeed, Plaintiff herself states that the "IRS did not take [her] exemption." Memorandum in Support of Plaintiff's Response to Motions to Dismiss at 2.

Although not phrased as such, Plaintiff's claim is in essence a state law claim for conversion. Indeed, in all of the cases this Court has reviewed in which the plaintiff alleged that a private party had surrendered property to the IRS in violation of §6332 or §6334, the court held the plaintiff's claim to be a claim for conversion arising solely under state law. For example, in *Farr v. United States*, 990 F.2d 451 (9th Cir.), *cert. denied*, 510 U.S. 1023 (1993), the IRS issued notices of levy which it served upon the plaintiff's employer, United Airlines. United Airlines sent funds it was

holding on the plaintiff's behalf to the IRS.  The plaintiff brought an action against the government and United Airlines, claiming that the government's levies upon her wages were procedurally invalid and that United Airlines had improperly surrendered her worker's compensation benefits, which are specifically exempted from levy by §6334(a)(7).  The Ninth Circuit found that the plaintiff had "asserted, in effect, that United [Airlines] had converted those benefits."  *Id.* at 453.  Before addressing the merits of the plaintiff's claims, the appellate court held that the district court had jurisdiction over her conversion action against United Airlines, not based on federal question jurisdiction but on diversity grounds alone.  *Id.*

Similarly, in *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996), the plaintiff's bank surrendered funds from his account to the IRS pursuant to a levy.  The plaintiff filed an action for conversion and negligence, seeking damages totaling over $300,000.  Before reaching the merits of the plaintiff's appeal, the Seventh Circuit addressed the subject matter jurisdiction of the district court.  The Seventh Circuit found that, "[a]lthough Moore asserted various statutory bases for federal jurisdiction, he name[d] as defendants only private parties and his cause of action [arose] solely under state law."  *Id.* at 850.  Thus, the Seventh Circuit held, the only basis for the district court's jurisdiction was diversity jurisdiction. *Id.  See also Fredyma v. Lake Sunapee Bank*, 181 F.3d 79 (1st Cir. 1998), *cert. denied*, 527 U.S. 1006 (1999) (unpublished disposition) (where bank honored IRS levy by surrendering funds in plaintiff's account that came from worker's compensation payments, plaintiff claimed bank violated §6334(a)(7), and filed action alleging bank had violated state law in honoring levy); *Weiler v. United States*, 82 F.3d 424 (9th Cir. 1996) (unpublished disposition) (plaintiff alleged that non-governmental defendants' surrender of pension payments and dividend income was not covered by IRS levy, and brought a claim against said defendants for

conversion); *Choraria v. First Nat'l City Bank*, 51 A.D.2d 690, 379 N.Y.S.2d 101 (1ˢᵗ Dep't 1976) (following bank's surrender of plaintiff's funds to IRS pursuant to levy, plaintiff sued bank claiming breach of contract and conversion).

As a conversion claim does not arise under the Constitution, laws, or treaties of the United States, there is no federal question jurisdiction over such a claim.  *See* 28 U.S.C. §1331.  Thus, in order for this Court to have subject matter jurisdiction, diversity must exist between the parties.  This means that (1) the matter in controversy must exceed the sum or value of $75,000, *and* the action must be between citizens of different states.  *See* 28 U.S.C. §1332.  In the Corrected Complaint, Plaintiff alleges that she, Defendant Wayne Nichols and Defendant Robert Rothstein are residents of New Mexico, and that Defendant Nichols Agency is incorporated in New Mexico.  Corrected Complaint at ¶¶1-4.  Defendants confirm these allegations in their motion papers.  As the parties herein are all citizens of the same state, no diversity of citizenship exists between them.  Accordingly, this Court does not have subject matter jurisdiction over the instant action.

<u>CONCLUSION</u>

This Court lacks subject matter jurisdiction over the instant action.  Accordingly, the action must be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Rothstein Motion **[Doc. No. 6]** and the Nichols Motion **[Doc. No. 8]** are **GRANTED**.

-5-

**DATED** this 13th day of March, 2003.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Karen Marie Kline
Plaintiff _Pro-Se_

Attorney for Defendant Robert Rothstein
Gregory Biehler

Attorney for Defendants Wayne Nichols and Nichols Agency
Kathryn Grusauskas

-6-